## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

16-11697 R

| United States District Court | District Eastern District of Louisiana |
|---|---|
| Name (under which you were convicted): Granville M Robinson | Docket or Case No.: 13-286 R(1) |
| Place of Confinement: United States Penitiary McCreary | Prisoner No.: 33630-034 |

UNITED STATES OF AMERICA

Movant (include name under which you were convicted)

v. Granville M Robinson

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   United States Of America
   District Court Eastern District Of Louisiana

   (b) Criminal docket or case number (if you know): 13-286

2. (a) Date of the judgment of conviction (if you know): 5-4-16

   (b) Date of sentencing: 5-4-16

3. Length of sentence: 24 1/2 years

4. Nature of crime (all counts): Title 18 USC § 1591 A and 1594 A

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JUL 25 2016
WILLIAM W. BLEVINS
CLERK

TENDERED FOR FILING

JUL 25 2016

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐
   N/A

___ Fee_____
___ Process_____
X   Dktd_____
___ CtRmDep_____
___ Doc. No._____

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑
9. If you did appeal, answer the following: N/A
   (a) Name of court: N/A
   (b) Docket or case number (if you know): N/A
   (c) Result: N/A
   (d) Date of result (if you know): N/A
   (e) Citation to the case (if you know): N/A
   (f) Grounds raised: N/A

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑
       If "Yes," answer the following: N/A
       (1) Docket or case number (if you know): N/A
       (2) Result: N/A

       (3) Date of result (if you know): N/A
       (4) Citation to the case (if you know): N/A
       (5) Grounds raised: N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☑
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☑

(2) Second petition: Yes ☐ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** THAT PETITIONER SEEKS TO ASSERT A CLAIM PURSUANT TO JOHNSON V. U.S. FOR THE USE OF HIS THREE PREVIOUS CONVICTION MADE HIM CAREER OFFENDER AND ENHANCE HIS FEDERAL SENTENCE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
PETITIONER HAS THREE (3) previous felonies ranging from assault, robbery, burglary and kidnap and petitioner pled guilty to being in Violation Title 18 U.S.C. 1591 A and 1594 A and received a prison term or increase under residual clause Violated the fifth amendment's guarantee of due process because residual clause did not survive prohibition of vague Criminal laws. Petitioner counsel was ineffective failing to object or inquire about the residual clause which denied fair notice to petitioner and invited arbitrary enforcement by the judge and left uncertainty about how much risk it took for petitioner crime to qualify as a violent felony. The Armed Career Criminal Act requires courts to use a framework known as the Categorial approach when deciding whether offense is burglary, arson or extortion, involves use explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another. Petitioner is Consider a Career Offender and this Court use his previous felonies to enhance his sentence which his previous crimes does not qualifies as a violent felony in terms of how the law or state law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion. Increasing Petitioner sentence under the guideline enhancement denies due process of law.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☑
  (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐  No ☑
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND TWO:** INEFFECTIVE ASSISTANCE OF COUNSEL DURING GUILTY PLEA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
ATTORNEY DID NOT INFORM OR GIVE NOTICE TO PETITIONER CONCERNING THE "ENFORCEMENT BY THE JUDGE" TO ENHANCE SENTENCE AFTER PETITIONER ACCEPTED RESPONSIBILTY AND AGREED TO PLEA GUITY WHICH LEFT GRAVE UNCERTAINTY ABOUT HOW MUCH RISK IT TOOK FOR PETITIONER CRIME TO QUALIFY AS A VIOLENT FELONY ESPECIALLY SINCE ATTORNEY HAD PREVIOUS KNOWLEDGE DUE TO THE DECISION IN DESCAMP.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐  No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ☐  No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
  Yes ☐ No ☑
  (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
  Yes ☐ No ☑
  (2) If your answer to Question (c)(1) is "Yes," state: N/A
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed: N/A

  Docket or case number (if you know): N/A
  Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A
Date of the court's decision: N/A
Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑ No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑ No ☑

    (2) If your answer to Question (c)(1) is "Yes," state: N/A

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ❑ No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ❑ No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
        Yes ❑ No ☑

    (6) If your answer to Question (c)(4) is "Yes," state: N/A

    Name and location of the court where the appeal was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial: N/A

(d) At sentencing:

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☑ No ☐

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: Memphis, Tennesee

   (b) Give the date the other sentence was imposed: June, 2012
   (c) Give the length of the other sentence:
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
>    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>    (1) the date on which the judgment of conviction became final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: *That Petitioner be resentenced to a lesser sentence in light of Johnson* or any other relief to which movant may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on X *7-12-16* (date).

X _[signature]_
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:
   Clerk, United States District Court for **EASTERN OF LOUISANA**
   Address **500 Poydras St**
   City, State Zip Code **New Orleans, La 70130**

9. **CAUTION:** You must include in this motion **all** the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Name Granville Robinson
Reg. No. 33630-034 Unit 5-A
United States Penitentiary-McCreary
P.O. Box 3000
Pine Knot, KY 42635

United States Penitentiary, McCreary
Pine Knot, KY 42635
Date: 7/14/16
The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

⇔ 33630-034 ⇔
Us Courthouse
500 Poydras ST
hale Boggs Federal bldg
NEW Orleans, LA 70130
United States