UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 13-286 |
| v. | * | SECTION: "R" |
| GRANVILLE ROBINSON | * | |
| | * * * | |

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

The United States of America, through the undersigned Special Assistant United States Attorney, hereby opposes petitioner Granville Robinson's motion under 28 U.S.C. § 2255, Rec. Docs. 379, 414, and 444. Robinson was sentenced in May 2016 pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). *See* PSR, Rec. Doc. 320, ¶ 263; Rec. Doc. 328, p. 2. Robinson has challenged his sentence in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States* 136 S. Ct. 2243 (2016). *See* Rec. Doc. 414, p. 4; Rec. Doc. 444, pp. 7, 11. Robinson also claims ineffective assistance of counsel. *See* Rec. Doc. 414, pp. 4-5. The government opposes Robinson's claims related to his sentence as waived and procedurally barred. Should the Court determine that Robinson's claims related to his sentence are not waived or procedurally barred, the government requests an additional 30 days to respond to the motion's merits.

## RELEVANT FACTS AND PROCEDURAL HISTORY

In February 2016, Robinson pleaded guilty to two counts of a nine-count superseding indictment charging conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), and sex trafficking, in violation of 18 U.S.C. § 1591(a)(1)-(2) and b(1). *See* PSR, ¶¶ 26. In a

written plea agreement, Robinson and the government agreed to a stipulated sentence of 294 months of imprisonment under Federal Rule of Criminal Procedure 11(c)(1)(C). Rec. Doc. 266, p. 2. Robinson waived and gave up any right to challenge his sentence collaterally, including but not limited to any and all rights under 28 U.S.C. § 2255. Rec. Doc. 266, p. 3. Robinson retained the right to raise a claim of ineffective assistance of counsel. Rec. Doc. 266, p. 4. Robinson, his attorney, and the attorneys for the government signed and dated the last page of the plea agreement. Rec. Doc. 266, p. 6.

In April 2016, United States Probation issued the final PSR. *See* Rec. Doc. 320. The PSR acknowledged that the Rule 11(c)(1)(C) plea agreement included an agreed-upon sentence of 294 months of imprisonment. PSR, ¶ 263. The PSR nevertheless classified Robinson as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. PSR, ¶ 209. Robinson's classification as a career offender was based on his previous convictions for crimes of violence, specifically a 2009 conviction for aggravated burglary in #08-00296 and a June 2009 conviction for aggravated assault and robbery in #08-01350, #0801351, and #08-01352. PSR, ¶ 209. Robinson did not object to the career offender enhancement. *See* Rec. Doc. 320, p. 48.

In May 2016, the Court sentenced Robinson to the agreed-upon term of 294 months of imprisonment. Rec. Doc. 328, p. 2. Robinson's sentence included an order of restitution, the amount of which would be determined in July 2016. Rec. Doc. 328, p. 6. Robinson did not file a notice of appeal. Robinson filed the instant § 2255 motion in June 2016, less than one year after he was sentenced but while the amount of his restitution was pending. *See* Rec. Doc. 379 (§ 2255 motion dated June 24, 2016); Rec. Doc. 410 (Restitution Order dated July 15, 2016). In May 2017, Robinson filed an amendment to his original § 2255 motion. Rec. Doc. 444. Robinson's motion and amendment appear timely. *See* 28 U.S.C. § 2255(f)(1); *Dolan v. United States*, 560

U.S. 605, 618 (2010) ("[A] sentence that imposes an order of restitution . . . is a final judgment.") (internal quotation marks omitted).

In his § 2255 motion, Robinson argues: (1) that the residual clause that was previously in the career offender guideline enhancement, U.S.S.G. §§ 4B1.1 and 4B1.2, was unconstitutionally vague because of *Johnson* and *Mathis*, *see* Rec. Doc. 414, p. 4; Rec. Doc. 444, p. 7; (2) that his attorney was ineffective in failing to object to his career offender status, *see* Rec. Doc. 414, p. 4; and (3) that his attorney was ineffective by failing to inform him that his guilty plea could result in a sentence that would be enhanced by the career offender guideline. *See* Rec. Doc. 414, p. 5. The government opposes Robinson's § 2255 motion for the reasons stated below.

## LAW AND ARGUMENT

I.  **The categorical approach and the Supreme Court's decisions in *Johnson* and *Mathis*.**

A variety of provisions in federal criminal law focus on the terms "serious drug offense" and "crime of violence" or "violent felony." *See, e.g.*, 18 U.S.C. § 924(e) (Armed Career Criminal Act or "ACCA"); U.S.S.G. §§ 4B1.1 and 4B1.2 (career offender guideline enhancement); 18 U.S.C. § 924(c) (use of a firearm in relation to a crime of violence or drug trafficking offense); U.S.S.G. § 2L1.2 (guideline enhancements related to unlawfully entering or remaining in the United States); 18 U.S.C. § 16 ("Crime of Violence Defined"). For example, under the ACCA, if a defendant convicted under 18 U.S.C. § 922(g) has three previous convictions by any court for a "violent felony" or a "serious drug offense," the defendant's potential term of imprisonment increases from 0 to 10 years to a minimum of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1).

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court addressed the numerous challenges to these generic terms by adopting a "categorical approach." The goal of

the categorical approach was to create uniform definitions that were independent of the labels used by the states—in other words, a Platonic ideal of "violent felony" that includes only violent conduct or certain enumerated offenses such as burglary. *See Taylor*, 495 U.S. at 592. In *Taylor*, this meant that the umbrella definition of "burglary," based on a review of state statutes and the historical common law, covered the Missouri second-degree burglary statute that had substantially similar elements. *Id.* at 602. Thus, any defendant convicted of Missouri second-degree burglary categorically committed a "violent felony" for purposes of the ACCA, regardless of the facts of the case. *See id.*

The Supreme Court has clarified the categorical approach and the provisions to which it applies many times since *Taylor*. *See Beckles v. United States*, 137 S. Ct. 886 (2017); *Mathis*, 136 S. Ct. 2243; *Voisine v. United States*, 136 S. Ct. 2272 (2016); *United States v. Castleman*, 134 S. Ct. 1405 (2014); *Descamps v. United States*, 133 S. Ct. 2276 (2013); *United States v. Curtis Johnson*, 559 U.S. 133 (2010); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008); *Shepard v. United States*, 544 U.S. 13 (2005). Neither the Supreme Court nor the Fifth Circuit has applied any of these decisions retroactively to cases on collateral review. *See United States v. Morgan*, 845 F.3d 664, 667 (5th Cir. 2017) (*Descamps* did not establish a new rule that has been made retroactive on collateral review); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (same about *Begay* and *Curtis Johnson*).

Conversely, *Johnson*, a case that did not involve the categorical approach but instead statutory interpretation of the ACCA, is retroactive to cases on collateral review. *See In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) ("*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review.") (citing *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016)). *Johnson* dealt with the "residual

clause" that was previously part of the ACCA's definition of "violent felony." Before *Johnson*, the ACCA defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) had as an element the use, attempted use, or threatened use of physical force against the person of another (the "elements" or "force clause"); (2) was burglary, arson, or extortion, or involved the use of explosives (the "enumerated crimes"); or (3) otherwise involved conduct that presented a serious potential risk of physical injury to another (the "residual clause"). *Johnson*, 135 S. Ct. at 2555-56. The *Johnson* Court ruled that the residual clause was unconstitutionally vague. 135 S. Ct. at 2557. Thus, in order for a predicate offense to qualify as a violent felony under the ACCA post-*Johnson*, it must either satisfy the force clause or be classified as one of the enumerated crimes. *See id.* at 2563. The Supreme Court and the Fifth Circuit have limited the holding in *Johnson* to the ACCA's residual clause only. *See Beckles*, 137 S. Ct. at 897 (*Johnson* vagueness challenge does not extend to advisory Sentencing Guidelines); *United States v. Garcia*, 857 F.3d 708, 711 (5th Cir. 2017) (same with 18 U.S.C. § 924(c)); *United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc) (same with 18 U.S.C. § 16)).

Unlike *Johnson*, *Mathis* did not focus on a particular section in one statute (the residual clause in the ACCA), but instead on the categorical approach that the Supreme Court adopted in *Taylor*. *See Mathis*, 136 S. Ct. at 2248. Specifically, *Mathis* explained when a district court may look to certain documents related to the previous conviction to determine whether the conviction was a "serious drug offense" or a "violent felony," also known as the "modified categorical approach." *Id.* at 2249-50. According to *Mathis*, which reviewed a sentence imposed under the ACCA, the modified categorical approach is available only when an alternatively phrased statute has different "elements" and not different "means." *Id.* at 2256. The statute at issue in *Mathis*—

5

Iowa burglary—applied to unlawful entry into a building, *or* a structure, *or* a vehicle, the latter of which fell beyond the generic definition of burglary described in *Taylor*. *Id.* at 2250. Because the Iowa statute listed alternative means and not alterative elements, the modified categorical approach was unavailable and the district court could not consult state court documents to determine whether the defendant's previous burglary was of a building or a structure ("violent felonies") or of a vehicle (not a "violent felony"). *Id.* at 2256-57.

*Mathis* explicitly relied on other Supreme Court cases that dealt with the categorical and modified categorical approaches, including the 1990 decision in *Taylor* and the 2013 decision in *Descamps*. *Id.* at 2253-54; *see also id.* at 2258 (Kennedy, J., concurring) ("The Court's opinion is required by its precedents[.]"). *Mathis* did not rely on *Johnson*, which it cites once in a footnote. *Id.* at 2254 n.5. Accordingly, the Fifth Circuit has not recognized *Mathis* as a new rule of constitutional law that is retroactive to cases on collateral review. *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Rather, *Mathis* is the most recent in a line of cases that explains when the modified categorical approach is available. *See Mathis*, 136 S. Ct. at 2251-52.

**II.     Robinson waived the right to contest his sentence in this type of post-conviction proceeding as a part of his plea agreement.**

Robinson's claims related to his sentence, including his *Johnson* and *Mathis* arguments, are barred by the collateral review waiver in his plea agreement. That waiver contains the following language:

> [T]he defendant, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily . . . [w]aives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section[] 2255 . . . The Defendant [] retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

Rec. Doc. 266, pp. 3-4. Only one of Robinson's arguments concerning his sentence is based on ineffective assistance of counsel. *See* Rec. Doc. 433, pp. 4-5; Rec. Doc. 444, p. 7.

"[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (Feldman, J.). "A defendant knowingly and voluntarily enters a waiver when the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *Id.* (citing *United States v. Ruiz*, 536 U.S. 622, 630 (2002)) (internal quotation marks omitted). "When the petition does not allege, and the record contains no indication that ratification of the plea agreement was not 'voluntary' or knowledgeable, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver ineffective." *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

In his motion, Robinson does not claim that the waiver of his right to a post-conviction proceeding in this context was involuntary or unknowing. Further, Robinson has failed to point to any evidence in the record that would support such a claim, even if it had been raised. Robinson should be held to the bargain that he made. Accordingly, the waiver in Robinson's plea agreement is enforceable, and his claims concerning his sentence should be denied.

**III. Robinson's arguments concerning his sentence are procedurally barred.**

"Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.

7

1994). A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).[1] "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevented him from raising a claim on direct appeal." *United States v. Rodney*, No. 10-102, 2014 WL 6607069, at *3 (E.D. La. Nov. 18, 2014) (Lemmon, J.) (citing *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993)). "To show 'actual prejudice' the defendant must demonstrate not just the possibility of prejudice, 'but an actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimension.'" *Id.* (quoting *Shaid*, 937 F.2d at 233) (internal brackets omitted). That a claim would have been futile on direct appeal is not enough to overcome procedural default. *Scruggs*, 714 F.3d at 264.

In this case, Robinson did not appeal his sentence. Therefore, Robinson failed to argue on direct appeal that his advisory guidelines range was improperly calculated. Robinson also did not argue on direct appeal that the residual clause in § 4B1.2 was unconstitutionally vague. Thus, Robinson's claims as to his sentence are procedurally barred unless he can establish both cause for the procedural default and actual prejudice resulting from any error. *See Shaid*, 937 F.2d at 232.

First, Robinson cannot demonstrate cause for the procedural default. Nowhere in his § 2255 motion does Robinson allege that an objective impediment that was external to his defense prevented him from challenging his status as a career offender or any other defect in his

---

[1] A petitioner may also overcome procedural default by demonstrating that he is factually innocent of the charges to which he pleaded guilty. *United States v. Scruggs*, 714 F.3d 258, 265 (5th Cir. 2013). Robinson does not allege that he is factually innocent, but instead challenges his sentence under the residual clause in § 4B1.2. *See* Rec. Doc. 444, p. 7.

sentence on direct appeal. As a result, Robinson's claims are procedurally barred. *See Shaid*, 937 F.2d at 232.

Second, Robinson cannot show prejudice resulting from any error. Even assuming that Robinson could establish cause for his procedural default, he has not demonstrated a constitutional defect that led to an actual or substantial disadvantage during his sentencing. *See id.* at 233. Robinson argues that the flaw in his sentence comes from the use of the residual clause in § 4B1.2. *See* Rec. Doc. 444, p. 7. As discussed above, the Supreme Court and the Fifth Circuit have not extended *Johnson* to allow for vagueness challenges to the Guidelines. *See Beckles*, 137 S. Ct. at 897; *Arnick*, 826 F.3d at 788. Therefore, even assuming that Robinson's sentence was based on the residual clause in § 4B1.2, he cannot prove that the Court erred or that any error resulted in prejudice during his sentencing. *See Shine v. United States*, No. 14-182, 2017 WL 1856189, at *3 (W.D.N.C. May 8, 2017) (denying petitioner's post-*Beckles* motion under § 2255 for failure to show cause for procedural default).

Moreover, Robinson received an agreed-upon, below-guidelines sentence that was not in excess of the statutory maximum of life imprisonment. Nothing in the record suggests that Robinson would have received a shorter sentence even further below the advisory guidelines range had he successfully raised any of the claims alleged in his motion. Robinson's claims as to his sentence are procedurally barred and should be denied.

**IV.     Robinson's sentence is not eligible for review because it was imposed pursuant to a Rule 11(c)(1)(C) plea agreement that was not based on the Sentencing Guidelines.**

"A sentence imposed under a Rule 11(c)(1)(C) agreement may be eligible for review only if the 11(c)(1)(C) agreement: (i) calls for the defendant to be sentenced within a particular Guidelines sentencing range; (ii) provides for a specific term of imprisonment—such as a number of months—but also makes clear that the basis for the specified term is a Guidelines

9

sentencing range applicable to the offense to which the defendant pleaded guilty; or

(iii) explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment." *Wilson v. United States*, No. 13-520, 2017 WL 217733, at *2 (E.D. Tex. Jan. 18, 2017) (quoting *United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016)) (internal quotation marks omitted). Where a Rule 11(c)(1)(C) plea agreement includes nothing more than a straightforward agreement to a number of months, particularly when the agreed-upon number of months is outside the advisory guidelines range, the agreement is not based on the Guidelines and is thus ineligible for collateral review. *See id.*

In this case, Robinson's plea agreement includes a stipulated term of imprisonment of 294 months with no reference to the Guidelines. Rec. Doc. 266, p. 2. The agreed-upon term is below the advisory guidelines range, which, based on Robinson's total offense level of 43 and criminal history category of VI, was a minimum of life imprisonment. *See* PSR, ¶ 261. Thus, Robinson's Rule 11(c)(1)(C) plea agreement was not based on the Guidelines, and his arguments related to his sentence should be denied.

## V.     Robinson's ineffective assistance of counsel claims are meritless.

"Under *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency." *United States v. Henry*, No. 08-19, 2010 WL 2998888, at *3 (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)) (Vance, J.). "If the Court finds that the petitioner has made an insufficient showing as to either prong, it may dispose of the claim without addressing the other prong." *Id.* (citing *Strickland*, 466 U.S. at 697; *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999)). "It does not matter for Sixth

Amendment purposes whether counsel was retained or appointed." *Id.* (citing *Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980)).

"With respect to *Strickland*'s 'deficiency' prong, the Fifth Circuit has held that trial counsel's performance must be judged against 'an objective standard of reasonableness, mindful of the strong presumption of adequacy.'" *Id.* (quoting *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997)). "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention, but a conscious and informed decision on trial tactics and strategy will not be considered deficient unless it is so ill chosen that it permeated the entire trial with obvious unfairness." *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)*; Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005)) (internal quotation marks omitted). "In evaluating counsel's performance, the district court should make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time of trial." *Id.* (citing *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998)).

"With respect to *Strickland*'s 'prejudice' prong, the petitioner must show that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at *4 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Id.* In many cases, including where a defendant claims that his lawyer should have but did not seek to suppress evidence, a defendant must show "that he would have been better off going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

Here, Robinson argues that his counsel was ineffective for two reasons. First Robinson claims that his lawyer failed to object or inquire about the residual clause in the career offender guideline. *See* Rec. Doc. 414, p. 4. Robinson does not discuss whether such an objection would

11

have been successful or how his counsel's failure to object was anything other than a tactical decision. Indeed, any claim of vagueness as to the Guidelines would have been meritless. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990) ("Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall."); *see also United States v. Hinkson*, 248 F.3d 1142 (table), 2001 WL 184823, at *1 (5th Cir. 2001) (citing *Pearson* to reject vagueness challenge to § 4B1.2). Thus, Robinson's first ineffective assistance of counsel claim fails. *See United States v. Martin*, No. 07-157, 2011 WL 317738, at *3 (E.D. La. Feb. 1, 2011) (Engelhardt, J.) ("Martin fails to demonstrate any substantial legal grounds for a motion to suppress, much less how such a motion would have been successful.").

Second, Robinson argues that his counsel was ineffective by failing to inform him that his guilty plea could result in a sentence that would be enhanced by the career offender guideline. *See* Rec. Doc. 414, p. 5. The Supreme Court recently clarified when an attorney is ineffective during plea negotiations. The test is "whether the defendant was prejudiced by the denial of the entire judicial proceeding to which he had a right." *Lee*, 137 S. Ct. at 1965 (internal quotation marks and ellipsis omitted). In other words, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotation marks omitted). In *Lee*, that meant that the attorney's error affected the defendant's understanding of the consequences of pleading guilty—specifically, that the defendant would be deported. *Id.* at 1965-66.

In this case, there is no indication that Robinson misunderstood the consequences of pleading guilty or that any misunderstanding would have been based on representations by his attorney. In his written plea agreement, Robinson attested that he understood the maximum penalties he would face if he pleaded guilty. Rec. Doc. 266, pp. 1-2. The Court repeated the maximum penalties at Robinson's rearraignment. *See* Rec. Doc. 264, p. 1. Further, Robinson's guilty plea under the Rule 11(c)(1)(C) plea agreement meant that he received the stipulated-to sentence of 294 months and not a sentence based on the Guidelines. It is thus unclear how any deficiencies by Robinson's counsel during plea negotiations would have changed the outcome of the proceedings. *See United States v. Wiggins*, No. 10-329, 2015 WL 1409709, at *9 (E.D. La. Mar. 25, 2015) (Africk, J.) ("[B]ecause Wiggins has not argued that he would not have pleaded guilty but for [his attorney's] allegedly deficient counsel, and because Wiggins received the sentence for which he had bargained, Wiggins has failed to satisfy the second *Strickland* prong."). Robinson's second ineffective assistance of counsel claim should be denied.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny Robinson's § 2255 motion. Should the Court determine that Robinson's claims as to his sentence are not waived or procedurally barred, the government requests an additional 30 days to respond to the motion's merits.

Respectfully submitted,

DUANE A. EVANS
ACTING UNITED STATES ATTORNEY


*/s/ Jeffrey Ryan McLaren*
JEFFREY RYAN MCLAREN (36577)
Special Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3037
ryan.mclaren@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of June, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to ECF-registered counsel of record. Additionally, I certify that a copy of the foregoing has been served upon pro se petitioner Granville Robinson, 33630-034, MCCREARY, U.S. Penitentiary, Inmate Mail/Parcels, P.O. Box 3000, Pine Knot, KY 42635, by placement in the United States Mail, postage prepaid and properly addressed, this 24th day of June, 2017.

      */s/ Jeffrey Ryan McLaren*
      JEFFREY RYAN MCLAREN
      Special Assistant United States Attorney