UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                      NO. 13-286

GRANVILLE ROBINSON                           SECTION R

## ORDER AND REASONS

Defendant Granville Robinson moves to vacate his sentence under 28 U.S.C. § 2255. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Robinson's motion is denied.

## I.    BACKGROUND

On February 3, 2016, defendant Granville Robinson pleaded guilty to sex trafficking in violation of 18 U.S.C. § 1591, and conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c).[1] Under Federal Rule of Criminal Procedure 11(c)(1)(C), the plea agreement provided for a sentence of 294 months imprisonment.[2] Robinson waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right

---

[1]    *See* R. Docs. 266, 328.
[2]    R. Doc. 266 at 2.

to raise a claim of ineffective assistance of counsel in an appropriate proceeding.[3] The Court accepted the plea agreement and sentenced Robinson to 294 months imprisonment as to sex trafficking and 294 months imprisonment as to conspiracy to commit sex trafficking, to be served concurrently.[4]

Robinson now moves to vacate his sentence under 28 U.S.C. § 2255 for two reasons. First, Robinson argues that his sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016).[5] Second, Robinson argues his lawyer was ineffective for failing to object to sentencing enhancements and failing to inform him of the Court's authority to impose such enhancements.[6]

## II.    STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section

---

3     *Id.* at 3-4.
4     R. Doc. 328 at 2.
5     R. Doc. 444 at 6.
6     R. Doc. 414 at 4-5.

2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.,* Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate."  28 U.S.C. § 2255(b).

## III.  DISCUSSION

### A.  *Johnson* and *Mathis*

Robinson first argues that his sentence is unconstitutional under the Supreme Court's recent decisions in *Johnson* and *Mathis*.  The Court in *Johnson* held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally vague.  135 S. Ct. at 2557.  This clause defines a "violent felony" as, among other things, a felony "involv[ing] conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In *Mathis*, the Court elaborated on the modified categorical approach, which courts use to determine whether past convictions for offenses with alternative elements qualify as crimes of violence under the Armed Career Criminal Act.  136 S. Ct. at 2251-54.

*Johnson* and *Mathis* do not apply to Robinson.[7]  In his plea agreement, Robinson agreed to a sentence of 294 months imprisonment for sex

---

[7]     The Government further argues that this claim is procedurally defaulted and barred by the appeal waiver in Robinson's guilty plea.  R. Doc. 457.  The Court need not address these arguments because Robinson's claim fails on the merits.

trafficking and conspiracy to commit sex trafficking. In calculating the appropriate Sentencing Guidelines range, the Court did increase Robinson's criminal history category to VI under the career offender provision. U.S.S.G. § 4B1.1(b). But the Court departed from the Sentencing Guidelines, under which Robinson's recommended sentence was life imprisonment, and sentenced him to the agreed-upon 294 months imprisonment. Thus, the Court did not use the modified categorical approach to enhance Robinson's sentence under any provision of the Sentencing Guidelines. Nor did the Court enhance Robinson's sentence under the Armed Career Criminal Act or any other statute. *Johnson* and *Mathis* therefore have no bearing on Robinson's sentence.

### B. Ineffective Assistance of Counsel

Robinson's second asserted ground for relief is ineffective assistance of counsel. To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong,

the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Robinson first argues that his attorney was ineffective for failing to object to an enhancement under the residual clause of the Armed Career Criminal Act. As explained earlier, Robinson was not subject to a sentence enhancement under the Armed Career Criminal Act, any other statute, or any

provision of the Sentencing Guidelines. Thus, Robinson cannot show prejudice from his attorney's failure to object.

Robinson also argues that his attorney was ineffective for failing to inform him of the Court's authority to impose a sentencing enhancement. Construing Robinson's motion broadly, he appears to argue that counsel's failure left him uncertain about the relative risks of pleading guilty and going to trial. Even if it were error not to advise Robinson of the Court's authority to impose a sentencing enhancement, Robinson has not shown prejudice. The Court departed from Robinson's Sentencing Guidelines range by accepting the plea agreement and sentencing him to the agreed-upon 294 months imprisonment. Moreover, the plea agreement stated that the Court was not bound to accept the plea agreement, and that the maximum penalty Robinson could receive was life imprisonment.[8] The Court further advised Robinson of these facts at his rearraignment. Thus, Robinson's claim of ineffective assistance of counsel is meritless.

The record conclusively shows that Robinson is not entitled to relief. Thus, no evidentiary hearing is required under 28 U.S.C. § 2255(b).

---

[8] R. Doc. 266 at 1-2.

## C.     Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Robinson's motion does not satisfy these standards.  The Court finds that Robinson's arguments do not amount to a substantial showing that his

constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.


## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Robinson's 28 U.S.C. § 2255 motion. The Court will not issue a certificate of appealability.



New Orleans, Louisiana, this ___11th___ day of December, 2017.



_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE