UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| GRANVILLE ROBINSON | SECTION R |

## ORDER AND REASONS

Defendant Granville Robinson has moved to vacate his sentence under 28 U.S.C. § 2255, and requests the appointment of counsel to represent him in this collateral proceeding. For the following reasons, Robinson's motion for appointment of counsel is denied.

## I. BACKGROUND

On February 3, 2016, defendant Granville Robinson pleaded guilty to sex trafficking in violation of 18 U.S.C. § 1591, and conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c).[1] Under Federal Rule of Criminal Procedure 11(c)(1)(C), the plea agreement provided for a sentence of 294 months imprisonment.[2] Robinson waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right

---

[1] *See* R. Docs. 266, 328.
[2] R. Doc. 266 at 2.

1

to raise a claim of ineffective assistance of counsel in an appropriate proceeding.³ The Court accepted the plea agreement and sentenced Robinson to 294 months imprisonment as to sex trafficking and 294 months imprisonment as to conspiracy to commit sex trafficking, to be served concurrently.⁴

Robinson has moved to vacate his sentence under 28 U.S.C. § 2255, and now requests the appointment of counsel.⁵

## II. DISCUSSION

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But a court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

---

3   *Id.* at 3-4.
4   R. Doc. 328 at 2.
5   R. Doc. 415.

2

Robinson has not demonstrated that his Section 2255 motion warrants the appointment of counsel. Robinson's motion adequately presents his arguments, and it is not clear how the appointment of counsel would assist the court in evaluating those arguments. The Court finds that the interests of justice do not require the appointment of counsel in this case.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Robinson's motion for appointment of counsel.

New Orleans, Louisiana, this ___11th___ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE