UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-286 |
| GRANVILLE ROBINSON | SECTION R |

# ORDER AND REASONS

Defendant Granville Robinson moves the Court to permit him to proceed *in forma pauperis* on appeal.[1] Because Robinson's arguments are not made in good faith, the Court denies the motion.

## I. BACKGROUND

On February 3, 2016, Robinson pleaded guilty to sex trafficking in violation of 18 U.S.C. § 1591, and conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594(c).[2] Under Federal Rule of Criminal Procedure 11(c)(1)(C), the plea agreement provided for a sentence of 294 months imprisonment.[3] Robinson waived his right to appeal and collaterally challenge his conviction and sentence, but he retained the right to raise a

---

1 R. Doc. 472.
2 *See* R. Docs. 266, 328.
3 R. Doc. 266 at 2.

claim of ineffective assistance of counsel in an appropriate proceeding.[4] The Court accepted the plea agreement and sentenced Robinson to 294 months imprisonment as to sex trafficking and 294 months imprisonment as to conspiracy to commit sex trafficking, to be served concurrently.[5]

On June 24, 2016, Robinson filed a motion to vacate his sentence under 28 U.S.C. § 2255.[6] The Court denied this motion, and denied a certificate of appealability.[7] Robinson now moves for leave to proceed *in forma pauperis* on appeal.[8]

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998).

---

[4] *Id.* at 3-4.
[5] R. Doc. 328 at 2.
[6] R. Doc. 379.
[7] R. Docs. 461, 468.
[8] R. Doc. 472.

Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

### III. DISCUSSION

Robinson's motion suggests that he is unable to pay fees related to his appeal. His supporting documentation indicates that Robinson's current inmate balance is $20.46.[9] Robinson's motion must nevertheless be denied

---

[9] R. Doc. 472 at 3.

because the arguments he intends to raise on appeal lack an arguable basis in law and fact, and are therefore frivolous.

According to his notice of appeal, Robinson seeks to raise two issues before the appellate court.[10] First, Robinson argues that his sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). As the Court explained in its order denying his § 2255 motion, *Johnson* and *Mathis* do not apply to Robinson. In his plea agreement, Robinson agreed to a sentence of 294 months imprisonment for sex trafficking and conspiracy to commit sex trafficking. In calculating the appropriate Sentencing Guidelines range, the Court did increase Robinson's criminal history category to VI under the career offender provision. U.S.S.G. § 4B1.1(b). But the Court departed from the Sentencing Guidelines, under which Robinson's recommended sentence was life imprisonment, and sentenced him to the agreed-upon 294 months imprisonment. Thus, the Court did not use the modified categorical approach to enhance Robinson's sentence under any provision of the Sentencing Guidelines. Moreover, even if the Court had not applied the career offender enhancement, the recommended Guideline range would

---

[10] R. Doc. 464.

have been the same—life imprisonment.[11]  Therefore, this argument lacks an arguable basis in law and fact.

Second, Robinson argues that his lawyer was ineffective for failing to object to the career offender enhancement.  As explained earlier, this enhancement had no effect on Robinson's sentence.  Robinson therefore cannot show prejudice, see *Strickland v. Washington*, 466 U.S. 668, 694 (1984), and this argument lacks an arguable basis in law or fact.

## IV.  CONCLUSION

For the foregoing reasons, Robinson's motion to proceed *in forma pauperis* on appeal is DENIED.

New Orleans, Louisiana, this \_\_\_7th\_\_\_ day of March, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] Robinson would have been in criminal history category V without the career offender enhancement.  At an offense level of 43, the Guidelines recommend life imprisonment for defendants in both category V and category VI.